IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 1:90-cr-01002-MP

GLENN COX,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 216, Motion for Leave to Amend his Prior Motion for Production of Grand Jury Transcripts filed by Glenn Cox. Previously, in the Order at Doc. 214, the Court ordered the Defendant to provide legal authority supporting his request for the Court to release grand jury transcripts. The motion at Doc. 216 (and the memorandum at Doc. 215) represent Defendant's attempts to comply with the order at Doc. 214. Thus, the Court grants the motion at Doc. 216 to the extent that it accepts the amendments to the motion and has reviewed all of the arguments provided by Defendant.

Having done so, the Court concludes that the motion for production of grand jury transcripts should be denied. In Doc. 215, Defendant argues that nothing in the record shows that the government could have provided probable cause of an overt act to the grand jury, and that "Defendant feels he should be entitled to know who linked him to a[n] overt act with Johnny Archer on December 19, 1989 in the Northern District during grand jury proceedings." Doc. 215, p.2. The general rule is that grand jury proceedings are to be kept secret. See U.S. v. Williams, 180 Fed.Appx. 108, 109 (11th Cir. 2006), citing United States v. Aisenberg, 358 F.3d

1327, 1346 (11th Cir.2004). Limited exception to the general rule may apply when the grand jury matter is sought "preliminarily to or in connection with a judicial proceeding." Fed.R.Crim.P. 6(e)(3)(E)(i).

A party seeking grand jury transcripts bears the burden of showing that (1) the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured to embrace only necessary material. Id., citing Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); United Kingdom v. United States, 238 F.3d 1312, 1320-21 (11th Cir.2001) (quoting the Douglas Oil Co. standard). "These same demanding standards apply even after the grand jury has concluded its operations." Aisenberg, 358 F.3d at 1348. The defendant seeking grand jury material must show a "particularized need;" generalized allegations will not suffice. United States v. Burke, 856 F.2d 1492, 1496 (11th Cir.1988).

Cox's motion does not satisfy his burden on any of the criteria applicable to his request. First, he cannot show that the materials sought were needed to avoid injustice in another judicial proceeding. Here, Cox claims to need these materials to seek post-conviction relief (a second or successive petition), but fails to show how the requested information supports the availability of such relief. To file a second or successive habeas petition, authorization is required from the Court of Appeals, 28 U.S.C. § 2244(b)(3), and such authorization may only be granted upon a showing of (i) newly discovered evidence sufficient to establish that no reasonable jury would have convicted Defendant; or (ii) a new rule of constitutional law made retroactively applicable on collateral review. 28 U.S.C. § 2255.

Here, the Court has also ruled that Cox is procedurally barred from making this claim because he failed to raise it on direct appeal. See Report and Recommendation, Doc. 153, pp.

13-15, adopted by order at Doc. 155.  Thus, Cox made no showing that the grand jury materials, which contain no newly discovered evidence and implicate no new rule of constitutional law, would somehow excuse this procedural bar.  Thus, there is no injustice to avoid and no need for the disclosure.  The motion for disclosure is therefore denied.

Additionally, in Doc. 217 and Doc. 218, the defendant moved the Court to seal a previous order of the Court (Doc. 204) but acknowledged that the Order is currently sealed.  Apparently a search of TRULINCS and LEXIS brings up the Order despite the sealed status.  The defendant is thus asking the court to require entities not under the Court's jurisdiction to seal the order.  This the Court cannot do.  Accordingly it is

**ORDERED AND ADJUDGED:**

The motion for leave to amend, part of Doc. 216 is granted.

The motion for disclosure of grand jury transcripts, Doc. 213 as amended by the other part of Doc. 216, is denied.

The motions to seal, Docs. 217 and 218 are denied.

**DONE AND ORDERED** this _5th_ day of April, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge